IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RONNIE WALLACE LONG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:12-cv-119 |
| ) | |
| JENNIE LANCASTER and the ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF CORRECTION, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

     Petitioner, Ronnie Wallace Long, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1 at 1.) Mr. Long alleged that his due process rights under the Fifth and Fourteenth Amendments were violated when the State failed to disclose favorable evidence to the defense. *See Brady v. Maryland*, 373 U.S. 83 (1963). (Doc. 1 at 29.) The Respondents filed a Motion for Summary Judgment, arguing, *inter alia*, that Mr. Long's federal habeas petition should be summarily dismissed as successive. (Doc. 10 at 36.) Mr. Long also has filed a Motion for Summary Judgment. (Doc. 25 at 1.) Because this is a "second or successive" habeas petition and Mr. Long failed to obtain authorization from the Fourth Circuit to file it, this petition must be dismissed. *See* 28 U.S.C. § 2244(b)(3)(A).

I.     BACKGROUND

     During the September 27, 1976, Criminal Session of Cabarrus County Superior Court, Mr. Long was convicted of burglary and rape; the trial court entered judgments imposing concurrent life sentences for the two convictions. (Doc. 1 at 2.) Mr. Long appealed to the

Supreme Court of North Carolina, which affirmed his convictions. (Doc. 1 at 2); *State v. Long*, 293 N.C. 286, 237 S.E.2d 728 (1977). In 1986, Mr. Long filed a Motion for Appropriate Relief ("MAR") seeking post-conviction relief in Cabarrus County Superior Court, arguing ineffective assistance of counsel. (Doc. 1 at 3.) The Superior Court denied his MAR. (Doc. 1 at 3.) In 1989, Mr. Long filed a pro se federal habeas petition in this Court challenging his state court convictions, which was denied. (Doc. 10 at 1.)

In the spring of 2005, Mr. Long filed a Motion for Location and Preservation of Evidence in Cabarrus County Superior Court. (Doc. 1 ex.1.) The Superior Court entered an order directing the District Attorney's office, the Concord City Police Department, and the SBI to locate and preserve all evidence and to provide defense counsel with copies of all test results or reports prepared in connection with the case. (Doc. 10 at 2.) Mr. Long was provided with the evidence that led to this petition in January of 2006. (Doc. 1 at 4.)

In 2008, Mr. Long filed a MAR in Cabarrus County Superior Court contending that the State violated his constitutional rights under *Brady* when it failed to disclose favorable material to the defense. (Doc. 1 at 4.) Additionally, he sought to have his concurrent life sentences amended to reflect a term of imprisonment of eighty years pursuant to N.C. Gen. Stat. § 14-2 (1976). (Doc.1 at 38-39.) In 2009, the Superior Court denied Mr. Long's *Brady* claims on the merits, but concluded that Mr. Long was "entitled to have his sentence considered as a term of eighty years." (Doc. 10 ex. 29 at 15; hereinafter "MAR Court".) The Supreme Court of North Carolina affirmed in a three-to-three per curiam decision with one Justice abstaining. (Doc. 1 at 5); *State v. Long*, 365 N.C. 5, 705 S.E.2d 735 (2011). Mr. Long filed this habeas petition on February 3, 2012, (Doc. 1 at 56), asserting that he is entitled to relief because the state violated

2

his constitutional rights under *Brady* by failing to disclose materials favorable to the defense. (Doc. 1 at 27.)

## II. STANDARD

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." *Harrington v. Richter*, 131 S. Ct. 770, 783 (2011). Under the AEDPA, a court may grant habeas relief only if the state court adjudication on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The AEDPA also imposes limits on the number of habeas petitions an inmate can file. *See* 28 U.S.C. § 2244(b)(3)(A). "[B]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* If a petitioner fails to obtain authorization from the Court of Appeals before filing his petition in the district court, then the district court lacks jurisdiction to consider a "second or successive" petition. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003); *see also*, *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999) ("Section 2244(b)(3)(A) 'is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for the filing.'")

"[N]ot every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006). For example, when

3

an initial habeas petition is denied on procedural grounds, such as failure to exhaust state remedies, and is not adjudicated on the merits, a subsequent habeas petition is not "second or successive." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Furthermore, a numerically second habeas petition is not "second or successive" if there is a "new judgment intervening between the two habeas petitions." *Magwood v. Patterson*, 130 S. Ct. 2788, 2802 (2010).

## III. ANALYSIS

Respondents contend that Mr. Long's petition is "second or successive" and that since he did not present evidence of authorization by the Fourth Circuit, his habeas action must be dismissed. (Doc. 10 at 37-38.) While Mr. Long acknowledges he did file a pro se federal habeas petition in 1989, he contends he has since then been resentenced by the state court so that the petition now before the Court is not "second or successive." (Doc. 24 at 15.)

When Mr. Long was convicted in 1976, the trial court sentenced him to two concurrent terms of life imprisonment. (Doc. 24 at 15.) At the time of his conviction, N.C. Gen. Stat. § 14-2 (1976) provided that "[a] sentence of life imprisonment shall be considered as a sentence of imprisonment for a term of 80 years in the State's prison." This version of the statute applied to offenses committed between April 8, 1974 and June 30, 1978. *State v. Bowden*, 193 N.C. App. 597, 599 n.1, 668 S.E.2d 107, 109 n.1 (2008). Mr. Long's offense was committed on April 25, 1976, and thus fell within this time period. (Doc. 1 at 5.)

In *State v. Bowden*, the North Carolina Court of Appeals held that a life sentence is eighty years for all purposes under N.C. Gen. Stat. § 14-2 (1976), and rejected the state's argument that the statute only applied when determining a prisoner's parole eligibility. 193 N.C. App. at 599-601, 668 S.E.2d at 109-10. In 2009, the MAR Court granted Mr. Long sentencing relief, holding

4

that he "is entitled to have his sentence considered as a term of eighty years." (Doc. 10 ex. 29 at 15, ¶ 26.)

Mr. Long maintains that his current habeas petition is not "second or successive" because the MAR Court's holding that he "is entitled to have his sentence considered as a term of eighty years" constituted a "new judgment intervening between the two habeas petitions." *See Magwood*, 130 S. Ct. at 2802 (holding that a numerically second habeas petition is not "second or successive" under AEDPA if there is a "new judgment intervening between the two habeas petitions"). "Final judgment in a criminal case means sentence. The sentence is the judgment." *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)). Mr. Long asserts that only a new sentence, not a new sentencing hearing, is required for a new judgment under *Magwood*. *See Wentzell v. Neven*, 674 F.3d 1124, 1127 (9th Cir. 2012) (new, amended judgment entered by the state trial court without a new sentencing hearing); *Johnson v. United States*, 623 F.3d 41, 43 (2d Cir. 2010) (Petitioner's judgment of conviction was modified by vacating one of his convictions and the sentence for that conviction, and the Second Circuit affirmed the judgment as modified).

In *Magwood*, the defendant was sentenced to death and challenged his sentence in an application for a writ of habeas corpus. *Magwood*, 130 S. Ct. at 2791. The district court granted the writ as to his sentence and mandated that he either be released or resentenced. *Id.* The state trial court then "conducted a full resentencing and reviewed the aggravating evidence afresh" and again sentenced him to death. *Id.* at 2801. Mr. Magwood filed another application for a writ of habeas corpus in federal court challenging the new sentence, and the Eleventh Circuit held that the challenge to the new sentence was unreviewable because it was a "second or successive" challenge under § 2244(b). *Id.* at 2791-92. On appeal, the Supreme Court noted that the new

5

"'judgment and sentence [was] the result of a complete and new assessment of all of the evidence, arguments of counsel, and law.'" *Id.* at 2801 (quoting the Sentencing Transcript). The Court then held that "because Magwood's habeas application challenge[d] a new judgment for the first time, it [was] not 'second or successive' under § 2244(b)." *Id.* at 2792.

Mr. Long's situation differs from that in *Magwood*. The MAR Court's holding that Mr. Long "is entitled to have his sentence considered as a term of eighty years" was not "the result of a complete and new assessment of all of the evidence, arguments of counsel, and law." *See id.* at 2801. There was no new judgment nor a new sentence entered. (Doc. 10 ex. 29.) Rather, the Court simply clarified that because § 14-2 applied to Mr. Long's sentence, his life sentence was to be considered a term of eighty years. This determination does not constitute a new sentence; it was merely a direction to the Department of Corrections (DOC) to calculate a release date based on an eighty-year sentence as required by § 14-2. (Doc. 10 ex. 29 at 15); *see Jones v. Keller*, 364 N.C. 249, 254, 698 S.E.2d 49, 54 (2010) (discussing the DOC's calculation of good time, gain time, and merit time credits for inmates sentenced to life under § 14-2); *see generally Waddell v. Dep't of Corr.*, 680 F.3d 384, 387-89 (4th Cir. 2012) (discussing § 14-2 and the state cases interpreting it).

Indeed, the state court explicitly refused to enter new judgments in Mr. Long's case. (Doc. 27 ex.1 at 6.) In 2012, Mr. Long filed a Motion for Corrected Judgments and Commitments in Cabarrus County Superior Court asking for new judgments imposing sentences of eighty years instead of life sentences. (Doc. 27 ex.1.) The state court concluded that Mr. Long's motion failed to show any ground or authority permitting the court to change his sentences from life imprisonment to sentences of eighty years, and

6

denied Mr. Long's motion. (Doc. 27 ex.1 at 6, ¶ 14.) The Court reiterated that Mr. Long is entitled to have his sentences of life imprisonment considered as each being a term of eighty years. (Doc. 27 ex.1 at 5, ¶ 11.) Thus, the MAR Court did not impose a new sentence. Instead, it clarified the way DOC is to treat Mr. Long's sentence. In § 14-2, "the [l]egislature merely define[d] the term of life imprisonment, which it has the authority to do." *Bowden*, 668 S.E.2d at 110. The MAR Court's recognition of this definition did not constitute the imposition of a new sentence.

Mr. Long's sentence is the same one imposed when he was convicted in 1976. There has been no intervening judgment between Mr. Long's two habeas petitions, which means that the petition before this Court is "second or successive." *See Magwood*, 130 S. Ct. at 2802. Since Mr. Long did not present evidence of authorization by the Fourth Circuit, this Court lacks jurisdiction to consider his petition. *See* § 2244(b)(3)(A). Therefore, his petition for writ of habeas corpus must be dismissed as "second or successive." *See id.*

### III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Respondents' Motion for Summary Judgment (Doc. 9) is GRANTED, Petitioner's Motion for Summary Judgment (Doc. 25) is DENIED, and Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED.

This the 2nd day of August, 2012.

UNITED STATES DISTRICT JUDGE